Joshua Woodard (Bar #015592)
jwoodard@swlaw.com
Audrey E. Chastain (Bar #033998)
achastain@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Wallace Morris,<br><br>  Plaintiff,<br><br>  v.<br><br>Embry-Riddle Aeronautical University, Inc.,<br><br>  Defendant. | No.<br><br>(Yavapai County Superior Court Case No. P1300CV202100302)<br><br>**NOTICE OF REMOVAL** |

Defendant Embry-Riddle Aeronautical University, Inc. ("ERAU"), by its attorneys, Snell & Wilmer L.L.P., files this Notice of Removal of the above-captioned action from the Superior Court of Arizona, Yavapai County ("Superior Court") based on the following grounds:

1. On or about April 9, 2021, this action was commenced by Plaintiff Dr. Wallace Morris ("Plaintiff") against ERAU in the Superior Court and is currently pending in that Court as Case No. P1300CV202100302.

2. ERAU received copies of the Civil Cover Sheet, Complaint, and Certificate of Compulsory Arbitration on April 13, 2021.

3. ERAU agreed to waive service. Plaintiff provided a waiver to ERAU on April 15, and ERAU executed and returned the waiver on April 19, 2021.

4. True and accurate copies of the Civil Cover Sheet and Complaint are attached hereto as **Exhibit 1**.

5. A true and accurate copy of the Certificate of Compulsory Arbitration is attached hereto as **Exhibit 2**.

6. Plaintiff's Civil Cover Sheet, Complaint, and Certificate of Compulsory Arbitration, constitute the entire proceeding in the Superior Court.

7. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), true and correct copies of all process, pleadings, and orders that have been filed in this action are attached as Exhibits 1, 2, and 3.

8. The above-captioned case is a civil action that may be removed to this Court under 28 U.S.C. §§ 1441(b) and 1332 based on diversity jurisdiction. The Complaint alleges that Plaintiff "is a Colorado citizen residing in El Paso County, Colorado." Exhibit 1 at ¶ 1. Plaintiff is a citizen of the United States, and Plaintiff's domicile is in the state of Colorado because he resides there and, upon information and belief, resides there with the intention to remain. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.") (citations omitted); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (an individual's place of residence is *prima facie* evidence of his or her domicile). Because Plaintiff resides in the state of Colorado with the intention to remain in the state of Colorado, Plaintiff's domicile for diversity purposes is in Colorado.

9. ERAU is not a citizen of the state of Colorado.

10. Plaintiff correctly alleges that ERAU "is a Florida corporation doing business in Yavapai County, Arizona." Exhibit 1 at ¶ 2. ERAU's principal place of business and "nerve center" is in Daytona Beach, Florida. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is its nerve center, where its officers direct, control, and coordinate the corporation's activities). Therefore, ERAU is a corporation domiciled in the state of Florida at the time this action commenced and at the time this petition for removal was filed.

11. Because ERAU does not share a state of citizenship with Plaintiff, complete diversity of citizenship exists.

12. Although the Complaint does not set forth the dollar amount of damages sought, pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper because the amount in controversy, exclusive of interest and costs, is in excess of $75,000 based on the allegations in the Complaint and because Plaintiff has demanded an amount in excess of $75,000. *See* Exhibit 1 at ¶ 84 ("Dr. Morris was wrongfully denied…tenure, promotion, and the benefits and prestige associated therewith."); *id.* at ¶ 85 ("Dr. Morris has suffered lost wages, lost benefits, severe emotional distress, harm to his reputation, lost career opportunities, and loss of enjoyment of life."); *id.* at ¶ 98 (Plaintiff allegedly entitled to attorneys' fees, pursuant to A.R.S. § 12-341.01); *id.* at ¶ 116; *id.* at Request for Relief.

13. Moreover, Plaintiff requests that this case be assigned to Tier 3 for discovery purposes. *Id.* at ¶ 117. Pursuant to Ariz. R. Civ. P. 26.2(c)(3)(C), actions "claiming $300,000 or more in damages…" are assigned to Tier 3. *See also* Ariz. R. Civ. P. 26.2(d)(1) ("the case is deemed to be assigned to the tier to which it would be assigned based on its monetary or nonmonetary relief requested…").

14. Accordingly, this action is subject to removal to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1332 based on diversity jurisdiction.

15. ERAU consents to this Notice of Removal.

16. Venue is appropriate in the District of Arizona because the Superior Court where the action is pending is located in Arizona, and Arizona constitutes one judicial district. See 28 U.S.C. §§ 82, 1441(a).

17. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it is being filed within 30 days of ERAU's receipt of a copy of the Complaint.

18. A copy of this Notice of Removal is being served this date on Plaintiff pursuant to 28 U.S.C. § 1446(d).

19. A copy of this Notice of Removal is also being filed this date with the Clerk of the Superior Court, and notice of removal provided herewith pursuant to 28 U.S.C. §

1446(d) and LRCiv 3.6(a). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit 3**.

By this Notice of Removal, ERAU does not waive, and hereby expressly reserves, any defenses it may have, including, but not limited to, any defenses that may be asserted pursuant to Fed. R. Civ. P. 12.

Pursuant to the foregoing, ERAU respectfully removes this matter from the Superior Court to this Court for determination of all issues.

DATED this 10th day of May, 2021.

SNELL & WILMER L.L.P.

By: *s/ Joshua Woodard*
Joshua Woodard
Audrey E. Chastain
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 10th day of May 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or U.S. First Class Mail if non-registrants:

Alden A. Thomas
Corrinne R. Viola
JABURG & WILK, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, Arizona 85012
aat@jaburgwilk.com
crv@jaburgwilk.com
*Attorneys for Plaintiff*

*s/ Leslie Boone*

4832-5231-9719